H. P. BLOCKER, *et al., Appellants,* v. J. J. SEAY, *et al.,* ADMINISTRATORS, *Appellees.*

Opinion Filed April 27, 1915.

Where it does not appear that the court had jurisdiction of some of the defendants, and where a decree *pro confesso* is entered against the other defendants after they had answered and it does not appear that the proceedings were not *ex parte*, a final decree against all the defendants may be reversed on appeal.

Appeal from Circuit Court for Hernando County; W. S. Bullock, Judge.

Decree reversed.

*F. B. Coogler*, for Appellants;

*R. B. Sturkie*, for Appelless.

WHITFIELD, J.—The appellees brought a bill in equity to enforce a mortgage lien upon lands given by H. P. Blocker and his wife. A demurrer to the bill of complaint was overruled and H. P. Blocker answered for himself and for his wife. The answer stated that subsequent to the execution of the mortgage the property was sold to Annie M. Weaver after the timber rights in a portion of the land had been conveyed to the Peterson-McNeill Company, a corporation. Other averments appear in the answer. By stipulation it was agreed "that the complainants may amend their bill by making Annie M. Weaver and James A. Monsch parties defendant thereto, with the appropriate averments by way of amendment as may be necessary." The bill of complaint was amended "by adding the names of Annie P. Weaver and James A. Monsch, after the names of H. P. and Annie L. Blocker, and making the former parties defendants in each and every place in said bill where the allegations of said bill make the said H. P. and Annie L. Blocker defendants." A replication to the answer was filed. Subsequently a decree *pro confesso* was entered against H. P. Blocker and Annie L. Blocker. It does not appear that service of process was made on Annie P. Weaver or James A. Monsch, or that they appeared. A final decree was rendered against all four of the defendants, and they appealed. This decree states that it appears "from an examination of the record and the papers filed therein that due and legal service was had upon the defendants."

The agreement as to amending the bill of complaint did not waive service of process or amount to an appearance in the cause for the added defendants. Besides this the bill of complaint was not amended in accordance with the agreement, there being no allegations by amendment to the bill connecting the added defendants with the property or with the obligation growing out of the mortgage. In view of the state of the record with nothing to indicate that the court in fact acquired jurisdiction over the added defendants, the statement in the decree that "due and legal service was had upon the defendants" is not conclusive, and the decree as to the added defendants must be reversed. As a decree *pro confesso* was entered against H. P. Blocker and his wife after they had answered, and as it does not appear that the proceedings before the Master were not *ex parte*, the decree as to Blocker and wife should be reversed.

Decree reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.